**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Monty Marcellus SHELTON, Defendant–Appellant.**

No. 04–40307.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Jan. 6, 2005.

Tracey M. Batson, Assistant U.S. Attorney, Plano, TX, for Plaintiff–Appellee.

John Thomas Haughton, Denton, TX, for Defendant–Appellant.

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM: *

Monty Marcellus Shelton appeals his conviction and sentence for one count of possession with intent to distribute 500 grams or more of methamphetamine and for two counts of being a felon in possession of a firearm while under indictment. 21 U.S.C. § 841; 18 U.S.C. § 922(n). He argues (1) that the evidence at trial was insufficient to support his convictions, (2) that the testimony of two police officers contained hearsay, in violation of his rights under the Confrontation Clause of the Sixth Amendment, and (3) that his sentence violates *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

■ The evidence at trial was overwhelming. The Government presented 12 witnesses, most of whom attested to Shelton's possession of large quantities of methamphetamine pills as well as his activities as a dealer of methamphetamine. One witness testified that Shelton was in possession of at least 30,000 methamphetamine pills. Another testified that approximately 5,000 methamphetamine pills were found in Shelton's vehicle. Witnesses also attested to Shelton's possession of the two shotguns charged in counts two and three. This argument is without merit. *See United States v. Payne,* 99 F.3d 1273, 1278 (5th Cir.1996).

■ Shelton's argument that hearsay testimony was erroneously admitted at trial fails. Any error in admitting the testimony was harmless in light of the overwhelming evidence of his guilt. *See Unit-*

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*ed States v. Cantu,* 167 F.3d 198, 203 (5th Cir.1999).

Shelton's argument that his sentence is illegal under *Blakely* is foreclosed by this court's opinion in *United States v. Pineiro,* 377 F.3d 464 (5th Cir.2004), *cert. granted, judgment vacated by* —— U.S. ——, 125 S.Ct. 1003, —— L.Ed.2d ——, 2005 WL 124197 (2005).

AFFIRMED.